

FILED
MAR 2 2 2011
TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 5:11-cr-00082
    30 U.S.C. § 820(f)
    18 U.S.C. § 1001

THOMAS HARRAH

# I N F O R M A T I O N

The United States Attorney Charges:

## COUNT ONE

(False Statement, Representation,
and Certification in MSHA Document)

### Background

1. At all relevant times, Performance Coal Company, LLC, was engaged in the business of operating an underground mine in Raleigh County, West Virginia, within the Southern District of West Virginia, known as the Upper Big Branch Mine, whose products and operations affected interstate commerce. As such, Performance Coal Company, LLC, was subject to the provisions of the Federal Mine Safety and Health Act of 1977 ("the Mine Act") and to the regulations promulgated thereunder, including the mandatory safety standards in Title 30, Code of Federal Regulations.

2. At all relevant times, Title 30, Code of Federal Regulations, Section 75.360 required that a certified person conduct a pre-shift examination of any underground area where any person was scheduled to work or travel. It also required that the

certified person certify that the examination was completed. Title 30, Code of Federal Regulations, Section 75.362 required that a certified person conduct an on-shift examination of each section where any person was assigned to work during the shift or where mechanized mining equipment was being installed or removed during a shift. It also required that the certified person certify that the examination had been completed. Further, Title 30, Code of Federal Regulations, Section 75.100 defined a certified person as one who had been certified as a mine foreman, an assistant mine foreman, or a pre-shift examiner.

3. To become certified as an assistant mine foreman, one must take and pass an examination. Defendant THOMAS HARRAH had taken and failed the assistant mine foreman's examination in August, 2007.

4. Prior to January 2008, defendant THOMAS HARRAH began working for Performance Coal Company, LLC.

5. Starting in or around January 2008 and up to and including August 2009, defendant THOMAS HARRAH performed foreman duties, including conducting pre-shift and on-shift examinations, at the Upper Big Branch Mine. During this time period, defendant THOMAS HARRAH did not have a mine foreman or assistant mine foreman's certificate and was therefore not qualified to perform these examinations. Defendant THOMAS HARRAH knew at that time that he did not have a foreman's certificate, and that he was not qualified to perform these examinations.

6. Between January 2008 and August 2009, defendant THOMAS HARRAH signed numerous pre-shift and on-shift reports certifying that he had properly examined the pumps, the number one section, and the number three section.

7. On each pre-shift and on-shift report that he signed, defendant THOMAS HARRAH falsely listed his foreman's certification number as 38690. Defendant THOMAS HARRAH knew that this foreman's number did not belong to him. In fact, the number belonged to another individual.

## The Violation

8. On or about December 16, 2008, at or near Montcoal, Raleigh County, West Virginia, within the Southern District of West Virginia, defendant THOMAS HARRAH knowingly made a false statement, representation, and certification in a record, report and other document filed and required to be maintained pursuant to Chapter 22 of Title 30 of the United States Code, that is: defendant THOMAS HARRAH falsely stated, represented, and certified in the pre-shift report for the Upper Big Branch Mine that he was certified to properly examine the number 3 section of the Upper Big Branch Mine by signing his name as a pre-shift examiner and entering a foreman's certificate number when, in fact, and as defendant THOMAS HARRAH knew at that time, he was not certified to make such an examination.

In violation of Title 30, United States Code, Section 820(f).

## COUNT TWO

### (False Statements to Law Enforcement)

1. The United States realleges and incorporates by reference paragraphs one through seven of Count One of this Information as if fully set forth herein.

2. On or about October 22, 2010, at or near Comfort, Boone County, West Virginia, and within the Southern District of West Virginia, defendant THOMAS HARRAH knowingly and willfully made materially false, fictitious, and fraudulent statements and representations in a matter within the jurisdiction of the executive branch of the Government of the United States, in that (1) defendant THOMAS HARRAH stated and represented to a Federal Bureau of Investigation (FBI) Special Agent and a Mine Safety and Health Administration (MSHA) Special Investigator that an officer of Performance Coal Company provided THOMAS HARRAH with a phone number to call after THOMAS HARRAH had taken and failed the mine foreman's examination and (2) defendant THOMAS HARRAH further stated and represented that when he called this number the person on the phone provided him, THOMAS HARRAH, with a mine foreman's certification number.

3. These statements and representations were false, fictitious, and fraudulent, as defendant THOMAS HARRAH then and there well knew, because defendant THOMAS HARRAH had not been instructed by the Performance Coal Company officer to call any telephone number after he failed the examination, and in fact defendant THOMAS HARRAH invented the foreman's certification number

he used to sign the pre-shift and on-shift examination books at the Upper Big Branch mine.

In violation of Title 18, United States Code, Section 1001.

                              UNITED STATES OF AMERICA

                              R. BOOTH GOODWIN II
                              United States Attorney

By: _____
     BLAIRE L. MALKIN
     Assistant United States Attorney

5